Richard Bisbano, Sr.          :

v.          :

Strine Printing Company, Inc. et al.      :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Richard Bisbano, Sr.                    :

v.                    :

Strine Printing Company, Inc. et al.        :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Flaherty, for the Court.**  This case is before the Court on appeal by the plaintiff, Richard Bisbano, Sr., from a decision of the Superior Court granting summary judgment in favor of his former employer, Strine Printing Company, and Menasha Packaging Company, LLC, the defendants, on the plaintiff's complaint for unpaid commissions.  The plaintiff contends that the hearing justice erred in granting summary judgment on res judicata grounds because a prior suit in Federal District Court was based on factually distinct circumstances and because the defendants had agreed to, or at least acquiesced in, the splitting of claims into a separate lawsuit. The parties further dispute whether the trial justice erred when he decided that the second suit was time-barred by the three-year statute of limitations contained in Rhode Island's Payment of Wages Act, G.L. 1956 chapter 14 of title 28.  This matter came before us on January 21, 2016, pursuant to an order directing the parties to appear and show cause why the issues raised by this appeal should not summarily be decided.  After considering counsels' oral and written arguments, and after a thorough review of the record, we are of the opinion that cause has not been shown and

that this case should be decided without further briefing or argument. For the reasons given below, we affirm the judgment of the Superior Court.

**1**

**Facts and Travel**

This controversy arises out of an employment relationship between Richard Bisbano, Sr. and Strine Printing that took a short time to sour and a long time to resolve. Strine hired Bisbano in December 2006 as a sales representative. Under the terms of the parties' agreement, Bisbano's wages were commission-based and depended on the printing jobs that Bisbano was able to secure on behalf of Strine. Bisbano alleges that he procured several printing jobs during his time as a Strine sales representative, but the primary business that he brought in was printing work for CVS Pharmacy, Inc. Bisbano had had a relationship with CVS that spanned approximately twenty years, predating his association with Strine. Indeed, Bisbano believed that to be the principal reason that Strine hired him as a sales representative.

In June 2010, Strine terminated Bisbano's employment after an internal investigation by CVS revealed that Bisbano had inappropriately provided money to a CVS employee with whom he dealt in the course of his employment. Because of this discovery, CVS informed Strine that it no longer wanted Bisbano to service its account. With the CVS relationship no longer in his book of business, Bisbano was, in Strine's opinion, no longer able to generate sufficient business to justify his continued employment. Even after it separated Bisbano from its employment, however, Strine continued to cultivate its contractual relationship with CVS and it performed many more printing jobs for CVS related to the specific work that Bisbano had solicited on Strine's behalf.

Bisbano filed an eight count complaint against Strine Printing and its president in the Superior Court in July 2010, claiming age discrimination, unjust enrichment, intentional

interference with prospective contractual relations, breach of contract, breach of the implied covenant of good faith and fair dealing, intentional and negligent misrepresentations, and quantum meruit. The claims were predicated on factual allegations related to his wrongful termination by Strine. The lawsuit was soon removed to the United States District Court for the District of Rhode Island.

During the pendency of that lawsuit, the parties, through counsel, regularly communicated about outstanding commissions that Bisbano asserted he had earned during the time he was employed by Strine. In essence, the correspondence revolved around the parties' disagreement about the exact amount of commissions that Strine owed Bisbano. Counsel for Bisbano informed Strine that—in addition to $65,000 that Bisbano believed he was owed for outstanding work-related expenses and commissions—Bisbano sought a commission in connection with a "Flu Promotion" job for CVS that had not been completed at the time that Bisbano was terminated. Bisbano believed that a commission was owed to him on the complete printing job because he had landed the contract during his employment. Strine's attorney responded that Strine's business practice was to pay commissions after the bill was paid by its customer and that it paid "commissions earned in excess of a salesman's draw at the end of the month." However, he continued, "Mr. Bisbano always requested his excess commission to be paid at the end of the year. Once Strine Printing is paid by its customers, they will send me a commission check for Mr. Bisbano along with an explanation of the amount." Strine's counsel specifically disagreed with the amount claimed, remarking that "[i]f we have a dispute as to the amount, we can cross that bridge when we get to it."

In a letter dated November 15, 2010, Strine's counsel informed Bisbano's attorney that Strine had just received payment from its client, CVS, and that "Strine believe[d] that the total

amount due to Mr. Bisbano for jobs sold in 2010 concerning CVS [was] $38,275." Strine noted some deductions that it believed were applicable in reaching the final amount including that it did not incorporate the so-called "flu" contract because Strine was not awarded that contract until after Bisbano had left its employment. Bisbano's counsel responded in writing to Strine's counsel, objecting to Strine's stated limitations on the commission calculations.

The parties agreed that Strine would issue a check in the amount of $38,275 and that Bisbano's acceptance of the check would "not bar his right to seek additional commissions." Therefore, on April 15, 2011, counsel for Strine sent the following letter to Bisbano's counsel:

> "As we discussed yesterday, [Bisbano] no longer desires to have a written agreement in place regarding the commissions that [Strine] has been trying to pay him. Therefore, enclosed is Strine's check in the amount of $38,275 representing the amount of commissions that Strine believes it owes to Bisbano. By accepting this check, Bisbano is not waiving any right to claim that he is entitled to additional commissions. By sending this check, Strine is not waiving any defenses that it has to Bisbano's claim for additional commissions. Please contact me if you wish to discuss this matter further."

The parties also communicated about settlement of Bisbano's wrongful termination claims. On October 2, 2011, Bisbano's attorney sent a letter discussing the possibility of further mediation and addressed concerns that Strine had regarding the viability of Bisbano's contract claims. The letter also raised the issue of outstanding commissions, wherein Bisbano's counsel wrote, "I have taken the position that, if a settlement is reached, this issue will be rolled into any settlement. * * * Barring a dialogue or offer or agreement to mediate, I fully expect that Mr. Bisbano will initiate formal legal action to pursue this claim."

Strine's counsel sent a responsive letter, relaying that his client had no interest in future mediation attempts and that they instead intended to file a motion for summary judgment in the Federal District Court. Strine's attorney also responded to counsel about the issue of

commissions, saying, "Strine Printing has factored your client's commission claim into its settlement valuation for this case. If your client wishes to file another lawsuit, please be advised that I am authorized to accept service of process."

In the lawsuit that was pending in Federal District Court, the Chief Judge of the District Court granted defendants' motion for summary judgment on all counts. Several of Bisbano's claims were predicated on the same operative facts—that Bisbano had a long-standing relationship with CVS, that he cultivated that relationship for the benefit of Strine, and that Strine made promises to Bisbano that he would remain employed so long as he continued to procure printing jobs for Strine from CVS.

Moreover, the Chief Judge identified several important factual matters that were undisputed by Bisbano. The most important undisputed facts were that in April 2010, CVS conducted an internal investigation into its printing department regarding a disclosure from Bisbano "that, while in another company's employ several years earlier, he had contributed $10,300 to assist an employee in CVS's printing department [to] pay for her lease of a luxury vehicle." A vice president within CVS decided that she did "not feel comfortable with [Bisbano] as our account rep on the Strine account or any other account," and requested that other employees in CVS's printing department notify Strine to remove Bisbano from their account. Strine terminated Bisbano in June, "based on CVS's instruction that Bisbano must be removed from the CVS account and the fact that Bisbano did not have other sufficient business accounts to support the continuation of his employment."

Pursuant to the statement of undisputed facts submitted by the parties in the federal court action, the Chief Judge dismissed Bisbano's claim of unjust enrichment because Bisbano was unable to prove that any of the efforts he made to enrich his business relationship with CVS

while he was employed at Strine were beyond the scope of his employment as a sales representative. She also found that he had not put forth any evidence "that his efforts were responsible for sales to CVS after the termination of his employment." His claim of intentional interference with prospective contractual relations was dismissed because it was undisputed that CVS had unilaterally ended its relationship with Bisbano and that there was nothing to support Bisbano's contention that Strine's decision to terminate him had any effect on his relationship with CVS. Furthermore, the cessation of CVS's relationship with Bisbano, the Chief Judge found, was of Bisbano's own doing when he inappropriately contributed $10,300 to a CVS employee in the printing department.

The Federal District Court dismissed Bisbano's two counts related to breach of contract because it found that Bisbano was an at-will employee with no employment contract, as evidenced by the acknowledgement signed by Bisbano when he began working for Strine, which clearly stated that he was an at-will employee and that only the president and vice president of finance and administration had the authority to change an at-will employee's status. Furthermore, the judge found that there was no evidence that Strine's president intended to change his at-will employment status. The judge was particularly unconvinced by Bisbano's contention that Strine created an implied-in-fact contract through encouraging comments to Bisbano that it would do whatever it took to get business from CVS and that he would remain employed at Strine as long as it was doing printing jobs for CVS. She found that Strine merely expressed appreciation for Bisbano's efforts and a desire to bring in as much business as possible, an attitude that both benefited Strine and increased Bisbano's compensation as the sales representative. The judge found that because there was no evidence to support a finding that Strine intended to create a binding employment contract with Bisbano, his claims for breach of

contract and breach of the implied covenant of good faith and fair dealing both failed as a matter of law.

Similarly, Bisbano's claims of intentional and negligent misrepresentation, which were predicated on the same alleged promises of continued employment, were found to be unsupported by the undisputed evidence. The judge found that the communications from Strine were neither false nor "intended to induce Bisbano to do anything beyond performing his work as a sales representative." The District Court dismissed Bisbano's final claim for quantum meruit for failure to present the court with any argument with respect to that claim.[1]

Then, in June 2014, Bisbano filed another lawsuit against Strine Printing and Menasha in Superior Court.[2] Bisbano's first amended complaint included only two counts, one for breach of contract and the other for breach of implied covenant of good faith and fair dealing. The complaint alleged that Strine's final payment to Bisbano in April 2011 did not fully compensate him for the "Flu Promotion" printing job that Bisbano had procured before his termination and that it improperly had deducted $19,277 from the commission payment pursuant to a rebate agreement that Strine entered into with CVS after Bisbano was terminated.

In due course, defendants filed a motion for summary judgment. The defendants argued that plaintiff's claims were barred by the principle of res judicata as well as the three-year statute of limitations provided in § 28-14-19.2 of the Payment of Wages Act.[3] The plaintiff objected to

---

[1] Bisbano appealed the Chief Judge's decision to the United States Court of Appeals for the First Circuit, which affirmed the Chief Judge's decision on all grounds. See Bisbano v. Strine Printing Co., 737 F.3d 104 (1st Cir. 2014).

[2] Bisbano filed an amended complaint in August 2014 to include Menasha Packaging Company, LLC as a defendant because he believed that Menasha had purchased Strine in March of that year and assumed all legal rights, liabilities and obligations of Strine.

[3] The defendants' motion for summary judgment and supporting memorandum are not in the lower court file or entered on the electronic docket. The arguments presented here in support of

defendants' motion, arguing that there was no identity of issues because the federal action covered claims related to his improper termination, and this lawsuit was about a breach of a "commission compensation agreement." The plaintiff also argued that, even if the elements of res judicata were present, an exception to the doctrine applied because plaintiff believed that he was justified in concluding that defendants had agreed to, or at least acquiesced to, splitting the claims for unpaid commissions from the claims raised in the federal litigation. To support his argument on such an agreement or acquiescence, plaintiff submitted the correspondence between counsel for each party.

The defendants vociferously disagreed, maintaining at the hearing that the judgment in the federal litigation put to rest any potential claims that plaintiff could bring against them and that there was no evidence of any agreement to separate or sever the claims. The defendants also argued that the correspondence between counsel was inadmissible under Rule 408 of the Rhode Island Rules of Evidence as settlement negotiations and that the court was precluded from relying on inadmissible evidence to deny a motion for summary judgment. The defendants further pressed an argument that any claim for the payment of commissions was controlled by the Payment of Wages Act, which provided for a three-year statute of limitations period.

However, it is noteworthy that plaintiff neither responded to defendants' statute of limitations arguments in its written submissions to the trial justice, nor did he argue the issue when the motion was heard. When the trial justice asked Bisbano's attorney whether he was "adopting the relation back position,"[4] plaintiff's counsel responded, "Yes. The sole claim in this litigation that's currently before you is a breach of contract claim that there was a breach of

---

defendants' motion were derived from plaintiff's memorandum in support of his objection, defendants' reply memorandum, plaintiff's sur-reply memorandum, and the transcript.

[4] The trial justice was making an obvious reference to the "relation back" provision of Rule 15(c) of the Superior Court Rules of Civil Procedure.

the—." The trial justice interrupted counsel and asked, "Wasn't there a breach of contract claim in the federal litigation?"

The plaintiff conceded that the claim for unpaid commissions could have been brought in the previous lawsuit. However, he argued that the correspondence between the parties proved that defendants' counsel agreed to split the claims when he said, "If your client wishes to file another lawsuit, please be advised that I am authorized to accept service of process." The trial justice remarked that "[o]ne can characterize that as, I'll see you in court." The plaintiff then argued that the exception to <u>res</u> <u>judicata</u> should apply because "they didn't object to adding the claim, and they certainly didn't object to filing another lawsuit; in fact, they said they would accept service of another lawsuit." With respect to Rule 408, plaintiff maintained that the rule did not prevent the court from considering the correspondence because it was not being offered to prove liability about the amount of the claim, but to show that the correspondence between the parties "established that there could be a splitting of the claims."

Unconvinced, the trial justice ruled in favor of defendants, holding that the correspondence between the parties' attorneys did not amount to an agreement as to the separation of the claims and that the three-year statute of limitations barred the claim, noting that the statute defined commissions as wages.[5] The plaintiff timely appealed.

**2**

**Issues on Appeal**

Before this Court, plaintiff argues that the trial justice erred in granting defendants' motion for summary judgment on the issue of timeliness because plaintiff's lawsuit for unpaid

---

[5] The trial justice did not specifically rule on defendants' argument that Rule 408 of the Rhode Island Rules of Evidence prohibited admissibility of the parties' correspondence.

commissions was brought under a common law theory of breach of contract and not under the Payment of Wages Act.

The plaintiff also argues that the trial justice erred in granting defendants' motion for summary judgment on <u>res</u> <u>judicata</u> grounds because the contract claims in this lawsuit were separate and distinct from the contract claims in the federal court action. The plaintiff further argues that, even if the claims here were part of the same transaction of occurrences, defendants agreed to, or at least acquiesced in, severing the claims into a separate lawsuit.

**3**

**Standard of Review**

"This Court reviews <u>de</u> <u>novo</u> a trial justice's decision granting summary judgment." <u>Sola v. Leighton</u>, 45 A.3d 502, 506 (R.I. 2012) (quoting <u>Lynch v. Spirit Rent-A-Car, Inc.</u>, 965 A.2d 417, 424 (R.I. 2009)). "Summary judgment is appropriate only when the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as [a] matter of law.'" <u>Id.</u> (quoting <u>Plunkett v. State</u>, 869 A.2d 1185, 1187 (R.I. 2005)). "Only when a review of the admissible evidence viewed in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law, will this Court uphold the trial justice's grant of summary judgment." <u>Id.</u> (quoting <u>National Refrigeration, Inc. v. Standen Contracting Co.</u>, 942 A.2d 968, 971 (R.I. 2008)).

**4**

**Analysis**

Before this Court, plaintiff argues that he "never incorporated a Wage Act claim into his appeal before this Court. Therefore, Bisbano is puzzled as to why Appellees continue to address

a non-claim." [6] The defendants respond that, despite plaintiff's attempt to plead his grievance as breach of contract, the action seeks the recovery of unpaid commissions, which is governed by the Payment of Wages Act. Therefore, the defendants argue, the statute's three-year statute of limitations period is controlling.

Unlike plaintiff, this Court does not find itself in a quandary about defendants' persistence in pressing that this action is time-barred, because that was one of the bases upon which the trial justice granted the motion for summary judgment. At the hearing, the trial justice ruled clearly and succinctly that, "to the extent that the claim is a claim for wages under the Rhode Island Wage Claim Act [sic], it is abundantly clear that commissions are included. The Court here must find that the claim also is barred by the statute of limitations." We agree.

The Payment of Wages Act provides that "[a]ny employee or former employee, or any organization representing such an employee or former employee aggrieved by the failure to pay wages and/or benefits or misclassification in violation of chapters 28-12 and/or 28-14 may file a civil action in any court of competent jurisdiction to obtain relief." Section 28-14-19.2(a). Significantly, the statute defines "[w]ages" as "all amounts at which the labor or service rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, commission basis, or other method of calculating the amount." Section 28-14-1(4) (emphases added). The statute also provides that "[a]ny claim hereunder shall be forever barred unless commenced within three (3) years after the cause of action accrued." Section 28-14-19.2(g).

The plaintiff's insistence that the lawsuit was filed pursuant to a claim of breach of contract is unavailing. General Laws 1956 § 9-1-13(a) provides that "[e]xcept as otherwise

---

[6] Once again, plaintiff did not address the statute of limitations issue in his Rule 12A filing with this Court. His only argument about the issue is found in his supplemental statement, in response to defendants' Rule 12A counter-statement reiterating that Bisbano's claims were time-barred.

specially provided, all civil actions shall be commenced within ten (10) years next after the cause of action shall accrue, and not after." (Emphasis added.) Ordinarily, this provision applies to contract claims, as plaintiff asserts; however, because defendants brought to this Court's attention a "specially provided" provision for actions for the collection of unpaid wages, we must determine whether provisions of the Payment of Wages Act displace the generally applicable ten-year statute of limitations. Thus, even though plaintiff's complaint is pled in the form of a breach of contract, we look to the substance of a claim, rather than the pleading's nomenclature. See Martin v. Howard, 784 A.2d 291, 301 (R.I. 2001); see also Grim v. Eastern Electric, LLC, 767 S.E.2d 267, 275 (W. Va. 2014) ("The determination of what statute of limitations applies turns on the nature of the injuries generally identified with the specific cause of action.").

In Martin, 784 A.2d at 301, we were asked to determine what limitations period applied to the plaintiff's breach of contract, bad faith, violation of fiduciary duty, and fraud claims. Rather than looking at the causes of action specified in the complaint, this Court evaluated the specific allegations of injury in the complaint, which included "severe emotional distress, anxiety, depression, humiliation, embarrassment, loss of self-esteem, and related medical and counseling expenses—all allegedly suffered because of Howard's 'unwelcome' sexual conduct." Id. at 302. Therefore, we held that:

> "notwithstanding Martin's attempts to create a contract out of [the] defendants' alleged promise to mediate her personal-injury claims, such an alleged contract wholly derived from and depended upon the prior existence of the personal-injury claims themselves. In addition, the asserted breach of this contract generated no new or different injuries other than the personal injuries for which Martin already was seeking damages. The same is also true for her bad faith, fraud, and violation-of-fiduciary-duty claims. In these circumstances, when the only injuries alleged are those to the plaintiff's person, § 9-1-14(b) applies and Martin's derivative breach-of-contract, bad faith, fraud, and fiduciary-duty claims are time-barred." Martin, 784 A.2d at 302.

Here, plaintiff's assertion stems entirely from the allegation that "Defendant Strine has failed and/or refused to provide the Plaintiff with the unpaid commissions * * *." The more specific limiting provision contained in § 28-14-19.2(g) is, therefore, controlling.

The parties' correspondence contained in the record illuminates when Bisbano was entitled to be paid for any commissions earned during his employment with Strine. In September 2010, Strine's counsel explained that its business practice was to pay commissions after it had been paid by its customer and that, although it typically paid commissions at the end of the month, Bisbano requested to be paid at the end of the year. In a later letter, dated November 15, 2010, Strine notified Bisbano, through counsel, that it had just received payment from its client, CVS, and intended to pay Bisbano the undisputed amount of $38,275. Thus, we conclude that Bisbano was entitled to receive payment of his earned commissions as of the end of 2010. At that time, Bisbano was aware that there was a dispute about the total commissions owed and that Strine had received payment from CVS, triggering any obligation it had to remit further payment to him. Bisbano was therefore required to file suit for unpaid commissions by December 31, 2013. Because this lawsuit was not filed until June 2014, the action was barred by the statute of limitations contained in the Payment of Wages Act, § 28-14-19.2.[7]

**Conclusion**

For the reasons set forth above, we affirm the grant of summary judgment. The record may be remanded to the Superior Court.

---

[7] Because we have held that the statute of limitations issue disposes of the case, we need not, and shall not, address the issue of res judicata.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**          Richard Bisbano, Sr. v. Strine Printing Company, Inc., et al.

**CASE NO:**          No. 2015-51-Appeal.
(PB 14-3235)

**COURT:**          Supreme Court

**DATE OPINION FILED:**          March 14, 2016

**JUSTICES:**          Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**          Associate Justice  Francis X. Flaherty

**SOURCE OF APPEAL:**          Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Michael A. Silverstein

**ATTORNEYS ON APPEAL:**

For Plaintiff:   Gina A. DiCenso, Esq.
V. Edward Formisano, Esq.

For Defendants:  Jeffrey S. Brenner, Esq.